JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Maria Eugenia Marmon, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 5:20-cv-00633-RGK-KES |
| v. | |
| William P. Barr, et al., | ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS* |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____    _____
Date                                           United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

- [x] Inadequate showing of indigency
- [x] District Court lacks jurisdiction
- [ ] Legally and/or factually patently frivolous
- [ ] Immunity as to _____
- [ ] Other: _____

Comments:
Plaintiff failed to timely amend her IFP application; Plaintiff failed to allege facts showing standing. See attached.

August 3, 2020                                           /s/ Karen E. Scott
Date                                                             United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

- [ ] GRANTED
- [x] DENIED (see comments above). IT IS FURTHER ORDERED that:
  - [ ] Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
  - [x] This case is hereby DISMISSED immediately.
  - [ ] This case is hereby REMANDED to state court.

August 4, 2020                                           /s/ R. Gary Klausner
Date                                                             United States District Judge

CV-73 (08/16)    ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA EUGENIA MARMON,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM P. BARR, et al.,<br><br>Defendant. | Case No. 5:20-cv-00633-RGK (KES)<br><br>ATTACHMENT TO ORDER RECOMMENDING DENIAL OF REQUEST TO PROCEED IN FORMA PAUPERIS |

Plaintiff, Eugenia Marmon, filed this First Amended Complaint ("FAC") under both 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) against (1) William Barr, the U.S. Attorney General, (2) Thomas Homan, identified as "Warden of DHS-ICE in GEO Detention Facility" in Adelanto, California, (3) G. Valdez (also identified as a warden), (4) N. Allen (also identified as a warden), (5) Orozco (an officer at GEO), (6) "John Doe" (an officer at GEO), (7) Medrano (a doctor at GEO), (8) J. Johnson (GEO Chief of Security), and (9) Chief Counsel of DHS-ICE, for violations of the "First, Fourth, Eighth, and Fourteenth Amendments rights of due process, access [to] the courts, receive medical [care], [and] being free of harassment and retaliation … on behalf of Rafael Alejandro Abarca Mercado[.]" (Dkt. 11 at 3-4.)

Plaintiff alleges that Mr. Mercado was deprived of his rights, harassed, and retaliated against while in ICE custody, and then wrongfully deported to Mexico where he was kidnapped, tortured, and murdered by Mexican gang members. (Id. at 4.) Plaintiff seeks: (1) a declaratory judgment that Mr. Mercado's constitutional rights were violated; (2) $900 million in damages; and (3) asylum for Mr. Mercado's family. (Id. at 11-12.)

In screening Plaintiff's Complaint (Dkt. 1), the Court identified multiple

1

pleading defects, including lack of standing. The § 1983 and <u>Bivens</u> claims alleging excessive force, failure to protect, and deliberate indifference to medical needs while in custody all arise under the Eighth Amendment (if Mr. Mercado was in custody under a criminal conviction) or the Fourteenth Amendment (if he was an immigration detainee). Rights protected by the Eighth and Fourteenth Amendments are personal rights, and only the person subject to the violation has standing to bring suit. See <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 160 (1990); <u>Shelley v. Kraemer</u>, 334 U.S. 1, 22 (1948). So too, only the person against whom the government retaliated for protected conduct has standing to bring a claim based on the First Amendment. See <u>M.D. v. Newport-Mesa Unified Sch. Dist.</u>, No. 14-0394-JVS-ANx, 2014 WL 8390611 at *6, 2014 U.S. Dist. LEXIS 183262 at *14 (C.D. Cal. Apr. 21, 2014) ("Jane Doe may not rest on adverse action taken solely against Mary Doe in support of Jane Doe's personal claim for First Amendment retaliation.") "[T]he general rule is that only the person whose [personal] rights were violated can sue to vindicate those rights." <u>Moreland v. Las Vegas Metro. Police Dept.</u>, 159 F.3d 365, 369 (9th Cir. 1998).

That said, "[s]urvivors of a deceased individual whose rights were violated before death may bring those personal claims on the decedent's behalf if the relevant state's law authorizes such persons to bring a survival action in state court." See <u>Minear v. Taft FCI</u>, No. 10-0901, 2010 WL 4338053 at *4, 2010 U.S. Dist. LEXIS 119407 at *11 (E.D. Cal. Oct. 22, 2010) (citing 42 U.S.C. § 1988(a)) (citations omitted). On screening the Complaint, the Court explained to Plaintiff that California law may permit such a survival action, but only when commenced by an appropriate personal representative of the decedent, as follows:

> Generally, lawsuits must be prosecuted by the real party in interest, i.e., the person who has suffered the injury for which compensation is sought. Here, it appears Plaintiff intends to bring "wrongful death" claims but she does not allege any facts establishing her relationship to [Mr. Mercado]. Only certain

2

Case No. 5:20-cv-00633-RGK (KES)

       individuals close to the decedent can seek damages for wrongful death. Cal.
       Code. Civ. P. § 377.60.

(Dkt. 5 at 3; see also Cal. Code Civ. P. §§ 377.20(a), 377.30.)

     In order to commence an action as a decedent's successor in interest, the individual commencing the action must execute and file an affidavit setting forth specific information. Cal. Code Civ. P. § 377.32. Further, "[t]he party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." Moreland, 159 F.3d at 369.

     Despite these instructions, the FAC contains no facts showing Plaintiff has standing to pursue claims on behalf of Mr. Mercado's estate. Plaintiff alleged no facts about her relationship to Mr. Mercado and has not filed an affidavit pursuant to California Code of Civil Procedure section 377.32. Having failed to amend the Complaint to add such facts when given an opportunity to do so, the Court assumes that Plaintiff cannot do so, and that further leave to amend would be futile.

     Standing is a requisite component of federal subject matter jurisdiction. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Because Plaintiff lacks standing, this Court lacks jurisdiction to adjudicate the alleged claims. The action, therefore, should be DISMISSED WITHOUT PREJUDICE.